PHILIP D. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 21127-88
United States Tax Court
T.C. Memo 1990-467; 1990 Tax Ct. Memo LEXIS 512; 60 T.C.M. (CCH) 627; T.C.M. (RIA) 90467; August 29, 1990, Filed *512 Decision will be entered under Rule 155. Matthew Yackshaw, for the petitioner. Ernest D. Defoy, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioner's Federal income taxes for 1985 and 1986 in the amounts of $ 1,859 and $ 1,646, respectively. After concessions, the sole issue for decision concerns petitioner's entitlement to a claimed deduction for automobile expenses under section 162(a) [1] incurred in traveling to and from his home in Canton, Ohio and *513 his job site in Shippingport, Pennsylvania. Resolution of this issue depends upon whether petitioner's employment in Shippingport during 1985 and 1986 was temporary or indefinite. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Philip D. Williams (petitioner) resided in Canton, Ohio, when he filed his petition. At all material times, petitioner was a journeyman electrician; since 1981, he has been a member in good standing with the International Brotherhood of Electrical Workers Local Union No. 540 (Local 540) in Canton. Petitioner worked steadily as an electrician in the Canton area until the fall of 1985, when he was laid off. He was unable to obtain work in the Canton area following this *514 layoff. Generally, electricians (such as petitioner) obtain employment through their union local. However, when employment cannot be secured through their own local, they are referred to other union locals. Thus, following petitioner's unsuccessful attempts to find work in the Canton area, Local 540 referred him to several different union locals in Northeastern Ohio and Pennsylvania. Petitioner finally secured employment with Sargent Electric Company (Sargent Electric) through Local 712 in Shippingport, Pennsylvania. Petitioner began employment with Sargent Electric on October 14, 1985, and was assigned to a temporary light and power crew during a portion of the construction of the Beaver Valley Power Station (Power Station), a nuclear power plant in Shippingport. Sargent Electric was one of the construction contractors for the nuclear plant. When petitioner began working at the Power Station, 95 to 97 percent of the construction work was completed; therefore, he expected his employment at the Power Station to be of brief duration. He was told by both his foreman and the area foreman that his work would most probably be completed in three months; and, if delays occurred, *515 his employment could continue for up to one year. Petitioner did not expect to continue working at the Power Station after construction was completed. However, due to delays in the project, petitioner's work was extended into 1987. During the time petitioner was employed by Sargent Electric in Shippingport, he resided in the Canton vicinity and lived in a rented house. He chose to remain in Canton because he had strong family and economic ties there and he believed his job in Shippingport would be of a short duration. He had purchased (for investment purposes) two houses in the Canton area in 1983 and 1985. In 1987 and 1988, he purchased three other investment properties in the Canton area. During the years in issue, petitioner drove 140 miles (round trip) to the Power Station from his residence in Canton each work day. Using the Standard Mileage Rate contained on Form 2106, petitioner claimed $ 5,735 as automobile expenses incurred in traveling to and from his home and the Power Station job site in Shippingport. Petitioner continued to seek work within the jurisdiction of his own Local 540 throughout the period of his employment in Shippingport. He contacted his local *516 union administrator weekly by phone and attended its meetings each month to keep updated as to possible job opportunities in the Canton area. He also registered his availability for employment on the out-of-work list of Local 540. In June 1987, petitioner began working with Burden Electric Co. Inc. (Burden Electric), in Alliance, Ohio. At the time petitioner started work with Burden Electric, members of the light and power crew at the Power Station were still working on the project. Respondent determined that petitioner's job at the Power Station in Shippingport was indefinite, not temporary, and accordingly disallowed the automobile expenses claimed by petitioner on his 1985 and 1986 tax returns. OPINION This case involves the question of whether daily transportation expenses (not involving an overnight stay) are deductible. Section 162(a) allows a taxpayer to deduct his "ordinary and necessary" expenses incurred in the pursuit of a "trade or business." However, as a general rule, expenses related to transportation between a taxpayer's residence and place of business are nondeductible personal commuting expenses rather than deductible business expenses. Sec. 262; . *517 But a deduction is allowable for a taxpayer's transportation expenses to a temporary, as opposed to an indefinite or permanent, job assignment. ; . Petitioner argues that he was working temporarily at the Power Plant in Shippingport. Respondent, on the other hand, contends that petitioner's employment at the Power Station for the years in issue was indefinite rather than temporary. For the reasons stated below, we agree with petitioner that his employment in Shippingport during 1985 and 1986 was temporary rather than indefinite. In general, employment is temporary if at its inception its termination within a short period of time can be foreseen. ; ; . Employment is indefinite if at its inception its termination within a fixed or reasonably short period of time cannot be foreseen. , affd. . *518 The determination of whether employment is temporary or indefinite is a question of fact. . "No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise." . The facts in this case are similar to those in , where we allowed the taxpayer to deduct travel expenses while he worked on a temporary basis at a nuclear power plant approximately 142 miles away from his home. The taxpayer realistically expected his employment to last less than two years. During that time the taxpayer maintained contacts within his home area and attempted to obtain employment there. Here, petitioner accepted the job in Shippingport only after failing to find employment in the Canton area. He was employed specifically as a temporary construction electrician, and realistically expected his employment with Sargent Electric to continue for a short period of time since construction of the power plant was 95 to 97 percent completed when he began working *519 there, and his superiors believed the work would be completed sometime in 1986. Petitioner's claimed tax home in Canton was his regular place of residence before, during, and after his temporary employment in Shippingport. He purchased and maintained rental properties in the Canton area during and after the years in question. He remained a member of Local 540 in Canton and continued to maintain business contacts with representatives of his local union during the course of his employment in Shippingport. Petitioner has satisfied his burden of proving that his employment with Sargent Electric in Shippingport, Pennsylvania, during 1985 and 1986 was temporary. Accordingly, his automobile expenses are deductible. To reflect the foregoing and concessions made by petitioner, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩